IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 1, 2003 Session

## NEIL M. FRIEDMAN v. LYNN W. BROWN

**Appeal from the Circuit Court for Carter County**
**No. C8224**

**FILED MAY 14, 2003**

**No. E2002-01615-COA-R3-CV**

CHARLES D. SUSANO, JR., J., concurring.

I concur in Judge Franks' well-reasoned opinion because I believe it correctly states the controlling law and because I believe that when that law is applied to the facts of this case, the inescapable conclusion is that the plaintiff's complaint "fail[s] to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6). Having said all of this, I feel constrained to state that given the allegations[1] of the complaint pertaining to (1) the expiration of the plaintiff's sentence when the judge re-incarcerated him; (2) the prosecutor's agreement with defense counsel, apparently stated in open court, that the judge did not have the authority to send the plaintiff to jail for violating probation on a sentence that, by then, had expired; and (3) an alleged corrupt motive for the judge's action in this case, persuade me that while the result in this case may be a correct one, it is far from what "the man or woman on the street" would perceive to be a just one. This troubles me. However, as a judge, I recognize that I must follow the law, regardless of my personal feelings with respect to the general concept of justice. Accordingly, I concur.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] Under Tenn. R. Civ. P. 12, a court is required to "tak[e] all of the allegations of fact [in the complaint] as true." *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).